THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>   v.<br><br>HUY V. TRAN,<br><br>             Defendant. | CASE NO. CR15-0120-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motions for compassionate release (Dkt. Nos. 1249, 1289), Defendant's motions to seal (Dkt. Nos. 1290, 1295), and the Government's motion for leave to file an overlength brief (Dkt. No. 1292). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Defendant's motions for compassionate release (Dkt. Nos. 1249, 1289) and GRANTS Defendant's motions to seal and the Government's motion to file an overlength brief (Dkt. Nos. 1290, 1292, 1295) for the reasons explained herein.

**I.     BACKGROUND**

Defendant is currently serving a 96-month sentence at FCI Allenwood following a 2016 guilty plea to conspiracy to distribute controlled substances. (Dkt. Nos. 645, 1004.) Defendant filed a *pro se* motion for compassionate release, followed by counsel's memorandum in support. (Dkt. Nos. 1249, 1289.) Defendant asserts that, in light of the COVID-19 pandemic, his medical

conditions represent sufficiently extraordinary and compelling reasons to justify reducing his sentence under 18 U.S.C. § 3582(c)(1). (*See generally* Dkt. Nos. 1249, 1289.)

## II.   DISCUSSION

### A.   Defendant's Motion for Compassionate Release

A court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's relevant policy statement adds that a court may do so if "the defendant is not a danger to the safety of any other person or to the community." United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. The policy statement also directs courts to consider the factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13 cmt. n.4. Taken together, the policy statement and 18 U.S.C. § 3582(c)(1)(A) establish three requirements that must be satisfied before reducing a defendant's sentence: extraordinary and compelling reasons must warrant release, a defendant cannot represent a danger to the community upon release, and any reduction in the defendant's sentence must be consistent with 18 U.S.C. § 3553(a).[1] *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The defendant bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

Medical conditions may represent extraordinary and compelling reasons if an inmate "suffer[s] from a serious physical or medical condition . . . that substantially diminishes the [defendant's] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1(A). This can include health conditions that make an inmate significantly more

---

[1] As a threshold matter, a defendant must also demonstrate that he has satisfied the exhaustion requirement contained within 18 U.S.C. § 3582(c)(1)(A). *See United States v. Van Sickle*, 2020 WL 2219496, slip op. at 3 (W.D. Wash. 2020) (describing Defendant's burden). A defendant must show that he exhausted administrative remedies or waited 30 days after filing a request with the warden before filing the instant motion. *Id.* Defendant has made this showing. (*See* Dkt. No. 1249-1.)

vulnerable to risk of severe illness from COVID-19. *See United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1067 (W.D. Wash. 2020); *United States v. Dorsey*, 461 F. Supp. 3d 1062, 1065 (W.D. Wash. 2020). Defendant submits evidence indicating that he may suffer from such conditions. (*See generally* Dkt. Nos. 1291, 1296.) However, Defendant has failed to demonstrate that he would not represent a danger to the community upon release or that a reduction in his sentence would be consistent with 18 U.S.C. § 3553(a). Therefore, the Court need not consider whether the evidence Defendant puts forth is sufficient to establish that extraordinary and compelling reasons warrant a reduction in his sentence.

In determining whether Defendant would represent a danger to the community upon release, the Court looks to the nature and circumstances of his underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). Defendant did not object, at the time of sentencing, to an obstruction of justice enhancement based upon an allegation that he and his brother plotted to kill a confidential informant. (Dkt. No. 1035 at 2.) The Court views Defendant's failure to object to the enhancement as evidence that he had, in fact, plotted to have the informant killed. The Government also presents evidence suggesting that Defendant's spouse, who he proposes living with following release, and people his spouse continues to associate with, may be involved in drug-trafficking activities. (Dkt. No. 1293 at 12–13.) Defendant presents no evidence rebutting these allegations. (*See generally* Dkt. Nos. 1249, 1289, 1294.) The Court FINDS that Defendant continues to be a danger to the safety of the community.

Nor do the § 3553 factors support release. These factors include the nature and circumstances of the underlying offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, pertinent policy statements, avoidance of sentencing disparities, and the need to provide victims with restitution. *See* 18 U.S.C. § 3553(a). Defendant was a member of a long-standing, wide-ranging, and often violent conspiracy to push

significant amounts of heroin, methamphetamine, cocaine, and crack cocaine throughout the Seattle area, with a particular concentration towards Seattle's "jungle" homeless encampment. (*See* Dkt. Nos. 372 at 2–4; 1035 at 5–7.) The nature and circumstances of this activity counsel against release. Nor would a reduction in sentence be consistent with the Court's rulings on comparable motions brought by co-Defendants in this case. (*See* Dkt. Nos.1238, 1288 (orders denying compassionate release motions for co-Defendants Son Nguyen and Niem Doan).) The Court FINDS that the applicable factors set forth by 18 U.S.C. § 3553(a) weigh against granting Defendant compassionate release.

### B.   Motions to Seal and to File Overlength Brief

Defendant moves to maintain under seal exhibits containing his medical records (Dkt. Nos. 1290, 1295). The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a party seeking to seal a judicial record must show "compelling reasons" to seal the record if it relates to a dispositive pleading. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Here, the exhibits contain Defendant's confidential and highly personal medical information. The Court FINDS that there is a compelling interest in maintaining the confidentiality of such records and that interest outweighs the public's interest in their disclosure. *See Kamakana*, 447 F.3d at 1179.

Finally, the Government moves to file a 24-page brief (Dkt. No. 1292). This brief is in response to Defendant's *pro se* motion for compassionate release (Dkt. No. 1249) and Defendant's memorandum in support of compassionate release (Dkt. No. 1289), which total 40 pages. The Court FINDS that a response brief of 24 pages is reasonable.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motions for compassionate release (Dkt. Nos. 1249, 1289) and GRANTS Defendant's motions to seal and the Government's

motion to file an overlength brief (Dkt. Nos. 1290, 1292, 1295). The Clerk is DIRECTED to maintain Docket Numbers 1291 and 1296 under seal until further order of the Court.

DATED this 14th day of December 2020.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE