THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>HUY VAN TRAN,<br><br>        Defendant. | CASE NO. CR15-0120-JCC-5<br><br>ORDER |

This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 1432). Having considered the relevant record, the Court DENIES the motion for the reasons explained herein.

Following Defendant's guilty plea to Conspiracy to Distribute Controlled Substances, the Court imposed a sentence of 96 months of imprisonment followed by five years of supervised release. (*See* Dkt. Nos. 372, 645, 1004.) That term of supervised release commenced in early 2023 (after three-months of detention at a U.S. Immigration and Customs Enforcement facility). (*See* Dkt. No. 1432 at 2.) Defendant now moves for early termination. (*See generally id.*).[1]

---

[1] The Court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public

In support, Defendant cites his compliance with the conditions of supervision, elder care responsibilities, stable housing, and consistent work history. (*See generally id.*) The United States Pretrial Services and Probation Department supports early termination, noting that Defendant requires little, if any, supervision at this point. (*See id.* at 3.) The Government opposes, citing *inter alia* the gravity of Defendant's pre-incarceration conduct (both charged and uncharged). (*See generally* Dkt. No. 1435.) Although it points to no deficiencies in Defendant's performance while on supervised release or other problematic conduct post-release. (*Id.*)

While the Court is pleased with Defendant's performance to date, it does not find that this, alone, warrants early termination. *See United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997). Given the gravity of Defendant's pre-incarceration conduct, a roughly 20-month term of supervision, even if fully compliant with the terms and conditions, is not enough for Defendant to support a reduction in the term of supervision, when view in the light of the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3583(e)(1).

Accordingly, Defendant's motion (Dkt. No. 1432) is DENIED. The Court encourages Defendant to renew his request once he has satisfactorily completed a more significant period of supervised release.

DATED this 30th day of August 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

from further crimes, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).